6  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
7  AT SEATTLE

8  RONALD JOHNSON individually and on behalf )
   of his marital community,                  )
9                              Plaintiffs,    )  Case No. C09-91-BAT
                                              )
10  v.                                        )  **ORDER DENYING**
                                              )  **DEFENDANT'S MOTION FOR**
11  HOME DEPOT U.S.A., INC., a corporation    )  **SUMMARY JUDGMENT**
    doing business in the State of Washington,)
12                             Defendants.    )

13   Before the Court is defendant's motion for summary judgment (Dkt. 33), plaintiff's

14  response in opposition and supplemental response (Dkts. 44, 48), and defendant's reply. Dkt 46.

15  The Court has reviewed the parties' pleadings and has determined that oral argument is not

16  necessary. The Court hereby **DENIES** the motion and rules as follows.

17                              **I. BACKGROUND**

18   On August 5, 2008, Ronald Johnson entered the Aurora Home Depot in Edmonds

19  Washington to buy some building materials, tripped and fell. Dkt. 33 at 4. At the store entrance

20  was a mat that was not adhered to the floor. *Id.* at 2. Plaintiff claims he fell and hurt himself when

21  his toe caught the edge of the mat. *Id.* at 3. Plaintiff also claims the fall has caused wage loss.

22  Dkt. 45 at 4.

23   Because there is no evidence that the mat was damaged or defective, defendant contends it

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 1

is not negligent. Without admitting liability, defendant acknowledges the fall caused some injury. Defense expert, Dr. Kenneth Briggs, M.D., opines the fall caused the following injuries: (1) right sternoclavicar separation, (2) contusion to the right shoulder (not a rotator cuff tear), (3) frozen shoulder, (4) contusion/laceration to right elbow, (5) contusion to right knee, (6) right elbow cellulitis, and (7) strain on right ankle. Dkt 38.

Dr. Briggs also opines that the following conditions are not related to the fall: (1) chronic cardiovascular disease, (2) renal failure, (3) diabetes mellitus, (4) osteoarthritis in both knees with three prior knee surgeries, (5) polyarticular gout, (6) encephalopathy, (7) urinary sepsis, and (8) gastric bleed and secondary anemia. *Id.*

Dr. John Petersen, M.D., another defense expert, opines that in September 2008, plaintiff had an acute coronary syndrome, not a heart attack, and that this condition is not related to plaintiff's fall. Dr. Peterson also opines that plaintiff's hypertension, heart disease, diabetes, and hypercholesterolemia are not related to the fall. *Id.*

On December 14, 2009, plaintiff dropped his claims for injury except for the following: (1) lacerated right elbow, (2) right elbow cellutis, (3) contusion to right knee, (4) right ankle strain, (5) grossly dislocated collar bone, and (6) frozen right shoulder. Plaintiff also reduced the damages he seeks from $2,000,000 to $195,000. Dkt. 48.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if a material issue of fact exists for trial. *See Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.

**B.    Analysis**

Plaintiff alleges defendant was negligent. Dkt. 1. To prove negligence, plaintiff must show defendant breached a duty owed to the plaintiff, resulting injury, and that the breach was the proximate cause of the injury. *Reynolds v. Hicks*, 134 Wash.2d 491, 951 P.2d 761 (1998).

As a customer of Home Depot, plaintiff entered the store as an invitee. Home Depot owes a duty of care to its invitees, but is not an insurer of its invitees' safety. *See Coleman v. Ernst Home Ctr., Inc.*, 70 Wash. App. 213, 222 (1993). Generally, a storeowner breaches his or her duty of care if an invitee is injured by an unsafe condition either caused by the proprietor or his employees, or the proprietor has actual or constructive notice of the unsafe condition. *Wiltse v. Albertson's*, 116 Wash.2d 452, 454 (1991).

**1.    Issues of Material Fact Exist as to Liability**

Defendant argues it did not breach its duties to plaintiff because the entry mat in question was not damaged or defective, and therefore did not create a dangerous condition. Dkt. 33 at 18. Plaintiff, however, does not claim he tripped because the mat was damaged or defective. Rather, he claims he tripped because his foot caught the edge of a mat which defendant failed to properly secure to the floor. *See* Dkt. 1 and Dkt. 34, ex. 2. Plaintiff's claim is supported by an architect he retained who opines that an unsecured entry mat can present a significant trip hazard. Dkt. 34, ex.

11. Viewing the evidence in the light most favorable to plaintiff, there is a factual dispute as to whether the mat, because it was not secured to the floor, did or did not create a dangerous condition. Accordingly, summary judgment is not appropriate as to this issue.

### 2. Material Issues Exist as to Wage Loss

Defendant argues plaintiff's wage loss claim of $595,000 should be dismissed as speculative and unsupported. Dkt. 39, ex. 1. After defendant moved for summary judgment, plaintiff reduced his claim for damages for pain and suffering and wage loss to $195,000. Dkt. 48. Viewing the evidence in the light most favorable to plaintiff, there is a factual dispute regarding plaintiff's wage loss. For example, in calculating wage loss, the parties disagree whether plaintiff would have worked 10 more years or .63 years. *See* Dkt. 39, ex. 2. Accordingly, summary judgment is not appropriate as to this issue.

### 3. No Material Issues Exists Regarding Certain Medical Conditions

Defendant's expert has opined the only medical conditions related to plaintiff's fall are: (1) right sternoclavicar separation, (2) right shoulder contusion (not rotator cuff tear), (3) frozen shoulder, (4) right elbow laceration, (5) right knee contusion, (6) right elbow cellulitis, and (7) right ankle strain. Dkt 38.

Whether summary judgment should be granted as to any other medical condition plaintiff originally alleged was caused by the fall is moot because plaintiff has now dropped his claims for injury except for those listed above. Dkt. 48.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment on liability and wage loss is **DENIED**. The motion for summary judgment on certain medical conditions is moot because plaintiff has now dropped his claims related to the medical conditions which were the

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

1 | subject of defendant's motion.

2 | DATED this 17th day of December, 2009

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 5